IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOHMAN PROPERTIES, LLC, a New
Mexico Limited Liability Company;
MARKET, LLC, a New Mexico Limited
Liability Company; AMADOR ASSOCIATES,
LLC, a New Mexico Limited Liability
Company; MAINSTREET CENTRE, LLC, a
New Mexico Limited Liability Company; and
EDGAR LOPEZ, in His Individual Capacity,

        Plaintiffs,

vs.                                              No. CIV 08-0875 JB/WPL

CITY OF LAS CRUCES,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiffs' Motion to Remand and Memorandum of Points and Authorities in Support Thereof, filed October 27, 2008 (Doc. 9)("Motion to Remand"). The Court held a hearing on December 3, 2008. The primary issue is whether the Court has subject-matter jurisdiction over this case. Because inverse-condemnation proceedings are available in state court, the Plaintiffs' sole federal claim would not be ripe in federal court. Thus, the Court does not have jurisdiction over the case and will grant the Motion to Remand. The Court will not award the Plaintiffs costs and fees incurred in litigating this matter, because it concludes that the Defendant, the City of Las Cruces, had an objectively reasonable basis for removing this case.

## BACKGROUND

The Plaintiffs filed this action in New Mexico state court against the City of Las Cruces. The

City of Las Cruces removed the case to federal court, invoking federal-question jurisdiction. See Notice of Removal at 1, filed September 26, 2008 (Doc. 1). This case arises out of the City of Las Cruces' decision to authorize a land swap that would transfer ownership over real estate, including an important downtown parking lot, to Jose and Ruben Coronado. See Exhibit A to Notice of Removal, Complaint for Violations of Constitutional Rights, Inverse Condemnation, and Other Claims and Request for Declaratory and Injunctive Relief ¶¶ 13-15, at 3-4 (Doc. 1-3)("Complaint"). The transferred property had been subject to various restrictions requiring that, among other things, it be maintained for public parking. See id. ¶ 11, at 3. The Plaintiffs contend that they purchased or improved real property in downtown Las Cruces, relying in part on the City of Las Cruces' representations that the now-transferred property would remain as public parking. See id. ¶ 12, at 3. The transfer of the property in question, the Plaintiffs allege, will result in a loss of free parking and will damage the Plaintiffs' business interests. See id. ¶¶ 18-19, at 4. The Plaintiffs raise claims for relief under 42 U.S.C. § 1983 for an unconstitutional taking and also under New Mexico state law. See Complaint ¶¶ 22-43, at 5-8.

In their Motion to Remand, the Plaintiffs argue that their federal claims are not ripe. The Plaintiffs contend that, because New Mexico offers a state-law remedy for inverse condemnation through a state-court action, a federal constitutional claim for a taking may not be heard in federal court until after the resolution of the inverse-condemnation claim. See Motion to Remand ¶ 2, at 2. This Court, the Plaintiffs assert, cannot rule on all the claims in this case, although a state court could, and the Court should therefore remand the case for a full disposition on the merits in state court. See id. ¶¶ 3-4, at 2-3. The Plaintiffs also request that the Court grant them their costs and expenses incurred in contesting removal. See id. ¶ 5, at 3.

The City of Las Cruces disputes the Plaintiffs' position and argues that the Court has

jurisdiction to hear this case. The City of Las Cruces asserts that there is a federal question in the case and that the Court can exercise supplemental jurisdiction over the remaining state claims. See Response to Plaintiff's Motion for Remand at 4-6, filed November 11, 2008 (Doc. 18). Additionally, the City of Las Cruces contends that concurrent jurisdiction in state court will not suffice to defeat federal jurisdiction. See id. at 6-7.

The Plaintiffs filed a reply, reiterating their position. See Reply in Support of Motion to Remand, filed November 18, 2008 (Doc. 19). At the hearing, the Court expressed its view that it did not seem that the Court had jurisdiction because the only federal claim in the case was not ripe. Rodney L. Gabaldon, the City of Las Cruces' counsel, stated that he could not see any flaw in the Court's reasoning. The Court told the parties that it would grant the Motion to Remand, and would take the issue of attorney's fees and costs under advisement.

## ANALYSIS

Because New Mexico law provides for inverse-condemnation proceedings, the Plaintiffs' federal claim under § 1983 is not ripe until they have been through those proceedings. The Plaintiffs were seeking to pursue such a course in the state court concurrent with their other claims, until the City of Las Cruces removed their case. Because the only federal claim in this case is not ripe, the Court does not have jurisdiction over the federal claim and does not have any basis for exercising supplemental jurisdiction. Accordingly, the Court will remand the case. Because the City of Las Cruces had an objectively reasonable basis for removal, however, based on the Complaint facially creating a federal question, the Court will not award the Plaintiffs costs and fees.

**I.    THE COURT LACKS SUBJECT-MATTER JURISDICTION OVER THIS CASE.**

The jurisdiction of the federal courts is limited. These limitations are not only statutory, but also constitutional. For a federal court to have jurisdiction over a federal question, the question must

present a "case or controversy" within the meaning of Article III of the United States Constitution. Ripeness is one aspect of the Article III requirement. See, e.g., Kansas Judicial Review v. Stout, 519 F.3d 1107, 1116 (10th Cir. 2008). A claim for an unconstitutional taking of property is not ripe for review until a plaintiff has exhausted his or her state-provided avenues of relief.

The Supreme Court of the United States has held that, because the Fifth Amendment does not require compensation for a taking to be contemporaneous with the taking, "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 195 (1985). The United States Court of Appeals for the Tenth Circuit, following the Supreme Court's decision in Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City, has held that a plaintiff's failure to use inverse-condemnation proceedings rendered their Fifth Amendment takings claims unripe for review. See Miller v. Campbell County, 945 F.2d 348, 352 (10th Cir. 1991); Bell v. American Fork City, 201 F.3d 447 at *2 (10th Cir. 1999)(unpublished opinion). Because New Mexico allows inverse-condemnation proceedings, and the Plaintiffs "have not yet been turned away empty-handed," their § 1983 claim "is not yet ripe for review in federal court." Miller v. Campbell County, 945 F.2d at 352.

The Plaintiffs' § 1983 claim for a Fifth Amendment taking of property is the only federal cause of action they raise in their Complaint. Because that sole federal question is not yet ripe for review, the Court lacks a foundation for exercising supplemental jurisdiction. See Kaw Nation ex rel. McCauley v. Lujan, 378 F.3d 1139, 1142 (10th Cir. 2004)(holding that there can be no supplemental jurisdiction where court lacks original federal-question jurisdiction); 26 U.S.C. § 1367(a) (supplemental claims must be part of same "case or controversy under Article III").

Accordingly, the Court does not have subject-matter jurisdiction over the case and will remand the case pursuant to 26 U.S.C. § 1447(c).

## II.     THE COURT WILL NOT GRANT THE PLAINTIFFS COSTS AND FEES INCURRED AS A RESULT OF REMOVAL.

A federal court remanding a removed case to state court for lack of subject-matter jurisdiction "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has recently clarified the standards governing an award of fees under § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). This case presents an interesting question: is there an objectively reasonable basis for removal when it is not obvious that a particular legal doctrine applies, but once that doctrine is discerned, it is easily applied?

The case law is relatively straightforward here. The Court has no difficulty coming to the conclusion that the Plaintiffs' lone federal claim is not ripe. If that were the only issue, the City of Las Cruces would not have an objectively reasonable basis for removal. That the Plaintiffs' § 1983 claim is not justiciable, however, is not intuitively obvious. The Court was not aware of the particular doctrine until reading the Motion to Remand and the cases it cites. While established, the doctrine seems to be rather obscure. Moreover, the Complaint plainly alleges a federal cause of action for deprivation of civil rights on its face. The Court believes that it is objectively reasonable for an attorney to assume that a plaintiff's assertion of a federal claim is valid when deciding whether to remove a case. This situation is not one, for example, where the defendant removed despite a facially valid barrier to federal jurisdiction -- such as an a fraudulent joinder case. In such

cases, it is incumbent upon the removing defendant to verify that a sound basis for asserting fraudulent joinder exists.  Instead, the Plaintiffs are raising a claim in their Complaint and then arguing that their own claim is unripe -- an unusual posture that the Court and a defendant do not routinely see or reasonably anticipate.

Additionally, in response to the Court's questions, Mr. Gabaldon referred the Court to a case that he and his firm had considered, but had not cited in the briefs -- <u>National Advertising Co. v. City and County of Denver</u>, 912 F.2d 405 (10th Cir. 1990).  In that case, the district court had found on the merits that there was no inverse condemnation, but the Tenth Circuit held that the claim was unripe.  <u>See</u> <u>id.</u> at 413.  Nonetheless, the Tenth Circuit affirmed the district court's dismissal.  <u>See</u> <u>id.</u> at 413-14.  Mr. Gabaldon apparently took this case to mean that it might be appropriate for a federal court to dismiss the claim while still retaining jurisdiction, because the Tenth Circuit did not remand to the district court to dismiss for lack of jurisdiction, or state that it was affirming the district court on other grounds.  It is not clear, however, whether Mr. Gabaldon was aware of <u>National Advertising Co. v. City and County of Denver</u> before or after this case was removed.

In sum, the Court considers this case to present a somewhat unusual situation. While the law is clear, it is also obscure. The Complaint facially gives a basis for federal-question jurisdiction -- it is the Plaintiffs who are challenging the justiciability of their own claims.  At the very beginning stages of litigation, when a defendant is deciding whether to seek removal, the Court does not believe that most lawyers would have investigated the intricacies of the causes of action in the Complaint to determine what ripeness doctrines might apply.  That investigation would likely come later, if at all, when the defendant was preparing an answer or initial motions to dismiss.  The Court believes that many attorneys would have removed this case.  The Court cannot conclude that the City of Las Cruces lacked an objectively reasonable basis for removal, and does not believe an

award of costs and fees is warranted here.

**IT IS ORDERED** that the Plaintiffs' Motion to Remand and Memorandum of Points and Authorities in Support Thereof is granted in part and denied in part.  The Court will remand the case to the Third Judicial District, County of Dona Ana, State of New Mexico.  The Court will not award the Plaintiffs costs and fees.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Raul A. Carrillo, Jr.
Carrillo Law Firm, LLC
Las Cruces, New Mexico

 *Attorneys for the Plaintiffs*

Rodney L. Gabaldon
Robles, Rael & Anaya, P.C.
Albuquerque, New Mexico

 *Attorneys for the Defendant*